UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURIE HANNAN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF TACOMA, DAVID BOBO, individually and the marital community thereof with JANE DOE BOBO, MICHAEL COMBS, individually and the marital community thereof with JANE DOE COMBS, and DOES 1-5, inclusive, <br><br> Defendants. | Case No. C05-5396RJB <br><br><br> ORDER |

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the First Amended Complaint for Damages. Dkt. 29. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.  FACTS

This case involves an employment dispute between Plaintiff, a former City of Tacoma employee, and Defendants. Dkt. 15. Plaintiff filed her original complaint on June 10, 2005, (Dkt. 1) and amended her complaint on January 3, 2006 (Dkt. 15). Plaintiff alleges in her Amended Complaint that she was an Operations and Maintenance Manager at the Greater Tacoma Convention and Trade Center. Dkt. 15, at 7.

ORDER - 1

Plaintiff moves to amend her Amended Complaint, seeking to add declaratory relief pursuant to 28 U.S.C. § 2201. Dkt. 29-1. Specifically, Plaintiff moves for additional relief to her claims to add "Declaratory Relief to declare that the Operations and Maintenance Manager was a 'classified' position rather than an 'unclassified' position." *Id.* at 3.

In her proposed Second Amended Complaint, Plaintiff alleges that "a major issue in this litigation is whether the Operations and Maintenance Manager position was or should have been classified or unclassified." Dkt. 30, at 2. According to Defendants, the City of Tacoma uses a classification system for its employment positions. Dkt. 35, at 2. City employment positions are either classified or unclassified. *Id.* Classifications are determined by the Tacoma City Council. *Id.*

## II.   DISCUSSION

### A.   STANDARD ON MOTION FOR LEAVE TO AMEND

Fed. R. Civ. P. 15(a) permits a party to amend its pleading "only by leave of the court, or by written consent of the adverse party." Leave is freely given when justice so requires. *Id.* Denial may be justified by undue delay, bad faith, futility, and prejudice to the opposing party. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). As a result, "an amendment is considered futile where the added claim could be defeated by a motion to dismiss or for summary judgment." *321 Studios v. MGM Studios, Inc.*, 307 F.Supp.2d 1085, 1091 (N.D. 2004)( *citing Wilson v. American Trans Air. Inc.*, 874 F.2d 386, 392 (7th Cir.1989)).

### B.   AMENDMENT TO ADD DECLARATORY RELIEF

Plaintiff's Motion to Amend her Amended Complaint should be granted. Defendants fail to allege that they would be prejudiced. Defendants allege that leave to amend is futile because 1) there is no controversy as to whether Plaintiff's former position is "classified" or "unclassified," and 2) there is no set of facts Plaintiff could prove to support her claim. Dkt. 33.

ORDER - 2

In her Reply, Plaintiff does not appear to contest whether her former position is "classified" or "unclassified," but argues that her position should have been considered "unclassified." Dkt. 36, at 3-7. Plaintiff notes the Tacoma City Charter states that:

> The civil service of the City is hereby divided into the classified and unclassified serves. The unclassified service shall consist of . . . (d) all department heads . . . and such other principal officers and assistants to the department heads as the Council may prescribe by the affirmative vote of not less than six members. . . .

Tacoma City Charter, Art. VI, Sec. 6.1. Plaintiff then argues that her position is not a department head, principal officer or assistant to a department head. Dkt. 36, 4-7. At this stage, the Court can not say that there are no set of facts that can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. *Miller* at 214.

### III.   ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend the First Amended Complaint for Damages (Dkt. 29) is **GRANTED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of April, 2006.

Robert J. Bryan
United States District Judge

ORDER - 3