UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURIE HANNAN,

    Plaintiff,

v.

CITY OF TACOMA, DAVID BOBO, individually and the marital community thereof with JANE DOE BOBO, MICHAEL COMBS, individually and the marital community thereof with JANE DOE COMBS, and DOES 1-5, inclusive,

    Defendants.

Case No. C05-5396RJB

ORDER

This matter comes before the Court on Defendants' Motion to Exclude Plaintiff's Expert Witnesses. Dkt. 47-1. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I. FACTS

This case involves an employment dispute between Plaintiff, a former City of Tacoma employee, and Defendants. Dkt. 39. By minute order, the deadline for the disclosure of expert testimony was set for March 15, 2006. Dkt. 8. On March 14, 2006, pursuant to a stipulation by the parties, a thirty day extension of the deadline for the disclosure of primary and rebuttal expert witnesses was granted. Dkt. 28.

On April 12, 2006, Plaintiff served Defendants with her disclosure of primary expert witnesses.

ORDER - 1

Dkt. 48-1 at 2. The report of one of these experts, Lawrence Majovski, Ph.D., was not served on Defendants until May 1, 2006. *Id.*, at 2-3. Under the Court's scheduling order, the discovery deadline was May 10, 2006. Dkt. 8. Dr. Majovski was retained by Plaintiff to conduct an independent psychological assessment. Dkt. 49-1, at 5. Plaintiff has failed to serve a written report for Merrill A. Cohen or John L. Finch, Ph.D. Dkt. 47-1, at 4. This case is set for trial on September 11, 2006. Dkt. 8.

Defendants filed the instant motion on June 15, 2006, seeking the exclusion of Lawrence Majovski, Ph.D., Merrill A. Cohen, and John L. Finch, Ph.D. Dkt. 47-1. Defendants argue that Plaintiff's late disclosure of the report of Lawrence Majovski, Ph.D., and non-disclosure of the reports of Merrill A. Cohen and John L. Finch, Ph.D. violate Federal Rule of Civil Procedure 26(a)(2). *Id.* In her Response, Plaintiff indicates she does not plan to call Merrill A. Cohen or John L. Finch, Ph.D. to testify at trial. Dkt. 49-1. Plaintiff further indicates that she would be willing to "allow Defendants time to depose Plaintiff's expert Dr. Majovski, prepare meaningful cross-examinations, and disclose any rebuttal experts." *Id.* at 6. Plaintiff argues exclusion of Dr. Majovski is too harsh a sanction in light of the fact that his report was only 19 days late and trial was 19 weeks away. *Id.* Defendants reply that the late disclosure of Dr. Majovski's report is prejudicial because of the length of time it would take them to depose Plaintiff's expert, review his file, retain a rebuttal expert, and schedule Plaintiff for another psychological examination. Dkt. 51-3.

## II.  DISCUSSION

### A.  STANDARD

Fed. R. Civ. P. 26(a)(2) provides:

**(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness

>**(C)** These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

>within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 37(c) provides "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . ." The following test is utilized to determination whether to apply Rule 37 sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652 (9th Cir. 1990)(*internal citations omitted*). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Id.*

The Defendants' motion to exclude Plaintiff's expert witnesses Lawrence Majovski, Ph.D., Merrill A. Cohen, and John L. Finch, Ph.D. (Dkt. 47-1), should be granted, in part, and denied, in part. Plaintiff has failed to provide any justification for not serving Defendants with written reports from Merrill A. Cohen or John L. Finch, Ph.D. This failure is not harmless, prejudices defendants and should result in exclusion of the testimony of Merrill A. Cohen and John L. Finch, Ph.D. from trial.

In contrast, Plaintiff timely disclosed her intent to use Lawrence Majovski, Ph.D. as an expert witness. (The court notes the rather odd timing of this disclosure - it was before Dr. Majovski had even examined Plaintiff!! Perhaps Plaintiff's counsel is clairvoyant.) Dkt. 48-1, at 2. Plaintiff states that her written report was late for reasons beyond her control, but offers no substantial justification for this delay. Dkt. 49-1, at 5. Nevertheless, Defendants may not be unduly prejudiced by the fact that the report was 19 days late when trial was still months away, if given an opportunity to depose Dr.

ORDER - 3

Majovski and to retain a rebuttal witness. The parties should submit a proposed schedule by July 21, 2006 setting proposed deadlines needed for Defendants to depose Plaintiff's expert and to acquire their own expert, if any. This ruling is, however, without prejudice to further consideration of admissibility of Dr. Majovski's opinion and to further consideration of possible prejudice to the defense if their ability to prepare to counter Dr. Majovski's opinions is further hampered or proves impossible.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

Defendants' Motion to Exclude Plaintiff's Expert Witnesses (Dkt. 47-1), is **GRANTED, IN PART, AND DENIED, IN PART**. The testimony of Merrill A. Cohen and John L. Finch, Ph.D. is excluded from trial, and the testimony of Lawrence Majovski, Ph.D. may be permitted, provided that the parties shall submit a stipulated schedule by July 21, 2006 setting proposed deadlines for Defendants to depose Lawrence Majovski, Ph.D., to name a rebuttal expert, and to provide reports.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of July, 2006.

Robert J. Bryan
United States District Judge